IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Audrey Raymond, | C/A No.: 5:20-3074-TMC-KDW |
| Plaintiff, | |
| v. | ORDER AND NOTICE |
| Sheriff Phillip E. Thompson and Director Marcus Rhodes, | |
| Defendants. | |

Brandon Audrey Raymond ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while incarcerated at J. Reuben Long Detention Center ("JRLDC"). He sues Sheriff Phillip E. Thompson and JRLDC Director Marcus Rhodes. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff states he was housed in JRLDC in October 2019 when a rash appeared on his lower left leg. ECF No. 1-2 at 5.[1] Plaintiff alleges that the rash spread to his right leg, arms, stomach and face and that the rash burns constantly. *Id.* at 6. Plaintiff claims he saw medical staff on numerous occasions and tried steroids multiple times, as well as various creams and ointments, to no avail. *Id.* at 5–6. Plaintiff alleges he has not received adequate medical care and needs to be properly diagnosed. *Id.* at 6. Plaintiff seeks monetary damages. *Id.*

---

[1] Initially, Plaintiff attempted to file a complaint on behalf of multiple inmates alleging Defendants violated the safety of the inmates by not providing face masks to prevent exposure to COVID-19. ECF No. 1. Given the opportunity to amend his complaint after review, Plaintiff filed a complaint alleging "medical negligence." ECF No. 1-2 at 4.

II.    Discussion

   A.    Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made when the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B.    Analysis

Plaintiff alleges he received improper medical care for his rash. ECF No. 1-2. A claim of deliberate medical indifference requires more than a showing of mere negligence, *Estelle v.*

2

*Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff provides insufficient factual information to state a medical indifference claim against Defendants as he admits he was seen by medical staff multiple times and was given topical creams and ointments for his rash. ECF No. 1-2 at 6–7. The Constitution requires prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011) (*Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although Plaintiff contends he should have received additional or different treatment, a disagreement as to the proper treatment for an injury does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Plaintiff's medical indifference claim are subject to summary dismissal.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **October 2, 2020**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). If Plaintiff files an amended

complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

September 18, 2020　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　United States Magistrate Judge